**IN THE COURT OF APPEALS OF IOWA**

No. 21-1433
Filed December 15, 2021

**IN THE INTEREST OF B.A.,**
**Minor Child,**

**C.A., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Linn County, Carrie K. Bryner,
District Associate Judge.

        A mother appeals the termination of her parental rights.  **AFFIRMED**.

        Alexander S. Momany of Howes Law Firm, P.C., Cedar Rapids, for
appellant mother.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant
Attorney General, for appellee State.

        Julie Trachta of Linn County Advocate, Cedar Rapids, attorney and
guardian ad litem for minor child.

        Considered by Mullins, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

This is an appeal of the juvenile court's order terminating a mother's parental rights to her young son because of ongoing substance-abuse and mental-health concerns. The mother appeals. We affirm.

The child was born in June 2020 at about twenty-six weeks gestation. He tested positive at birth for "amphetamines/methamphetamines and cannabinoids/THC." Hospital personnel contacted the Iowa Department of Human Services (DHS), and the child was removed from the parents' custody. The child remained in the neonatal intensive care unit of the hospital for several months. Upon discharge, the child was placed with a foster family. The child was later adjudicated a child in need of assistance. He has never been returned to the mother's care.

The mother tested positive for amphetamines and cannabis at the time of the child's birth. Throughout the time of juvenile court involvement, she denied that she had a substance-abuse problem. Yet she failed to submit to twenty-four of the forty drug tests to which she was directed to submit. Of the sixteen times she submitted to drug testing, she tested positive for methamphetamine ten times. One of those ten times, she also tested positive for marijuana. The mother maintained the claim that the positive test results were caused by DHS workers tampering with her test results or from her over-the-counter nasal spray. She regularly voiced conspiracy theories, including the claim that the DHS was kidnapping the child to satisfy a governmental goal to take children of certain blood types because they were more athletic and apt to be more successful.

3

Providers and the juvenile court required the mother to adequately address her substance-abuse and mental-health issues to progress toward reunification. However, the mother showed no significant improvement. She continued testing positive for substances and continued to remain erratic and hostile toward providers and her own attorneys, which continued to generate concerns about her mental stability.

Based on the mother's lack of progress, the State filed termination-of-parental-rights proceedings. After a hearing on the State's petition, the juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(h) (2021). The child's father's parental rights were also terminated. The mother appeals. The father does not.

We review termination-of-parental-rights proceedings de novo.[1] We give weight to the juvenile court's findings of fact, especially as to witness credibility, but we are not bound by them.[2] "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. Evidence is 'clear and convincing' when there are no 'serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence.'"[3] Termination of parental rights under chapter 232 follows a three-step analysis by determining: (1) if a ground for termination under section 232.116(1) has been established; (2) whether the best-interest framework stated

---

[1] *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021).
[2] *Id.*
[3] *In re D.W.*, 791 N.W.2d 706 (Iowa 2010) (quoting *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)).

in section 232.116(2) supports termination; and (3) whether any exceptions in section 232.116(3) apply to preclude termination of parental rights.[4]

Before proceeding to the three-step analysis, we first address two issues the mother mentions in her petition on appeal without properly presenting them by stating the issues in separate issue headings as required by our rules of appellate procedure.[5] Besides not complying with our rules by separately identifying them, we do not address these issues on their merits for other reasons.

First, the mother contends on appeal her due process rights were violated. However, she neither raised this issue before the juvenile court nor secured a ruling on it. As a result, this issue is not preserved for our review.[6]

Second, the mother references an issue regarding a permissive exception to termination—the third step in our three-step analysis. Although mentioned in the issue heading, the mother does not identify how she preserved error on this issue, and we cannot find preservation of this issue on our review of the record. Besides not preserving error, her petition cites no authority and offers no substantive argument on the issue. In fact, her petition does not even identify which permissive factor she claims applies. She has waived this issue.[7]

---

[4] *A.B.*, 957 N.W.2d at 294.

[5] *See* Iowa Rs. App. P. 6.201(1)(d) (requiring the petition on appeal to substantially comply with form 5 in rule 6.1401), 6.1401–Form 5 (requiring separate issue headings and other requirements for each issue raised).

[6] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

[7] *See* Iowa R. App. P. 6.903(2)(g)(3) (stating failure to state contentions, reasons for them, and citations to authority may be deemed waiver of the issue).

We now turn to the three-step analysis. Only challenges to the first two steps are properly presented to us.[8]

The mother's rights were terminated under Iowa Code section 232.116(1)(h), which permits termination upon proof of four elements:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother challenges only the fourth element. She claims the child could be returned to her care at the time of the termination hearing. She asserts she made progress independently from the services provided by the DHS and other service providers. We see no such progress and disagree the child can be returned to her care. On the sporadic occasions when she submitted to required drug testing, the mother regularly tested positive for methamphetamine. On top of that, she refuses to acknowledge even having a substance-abuse problem. The mother's unresolved drug problem provides reason enough to conclude that the child cannot be returned to her.[9] But that is not all. She also has unresolved mental-health issues that interfere with her ability to care for this young child. These issues

---

[8] *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating we need not discuss any step the parent fails to properly raise on appeal).

[9] *See A.B.*, 815 N.W.2d at 776 ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children.").

reinforce the conclusion the child cannot be returned to her care.[10] Following our de novo review, we agree with the juvenile court that the child cannot be returned to the mother's care and the statutory grounds for termination have been established.

The final issue is the mother's challenge to the juvenile court's finding that termination of her rights is in the child's best interests. We deny this challenge. As noted, the mother continually denied having a substance-abuse problem despite repeatedly testing positive for methamphetamine after failing to complete the majority of her required drug screens. Further, her mental-health issues remain unchecked. Throughout the case, her unchecked mental-health issues led her to be hostile and erratic. Many providers could not meet one-on-one with her because of safety concerns. When grown adults who are trained to interact with people with mental-health issues cannot safely be around the mother, we conclude this young child would be unsafe in her care.

The mother also failed to progress beyond fully supervised visits with the child, and she admits having concerns about her own ability to care for him on a long-term basis. These conditions are not those that lend to a nurturing, safe, and healthy environment for this young child.[11]

Because of the mother's ongoing substance-abuse and mental-health concerns, we agree with the juvenile court that the statutory grounds for

---

[10] *See In re D.H.*, No. 18-1552, 2019 WL 156668, at *2 (Iowa Ct. App. Jan. 9, 2019) (collecting cases and finding failure to meaningfully address mental-health issues to be a valid basis for terminating parental rights).
[11] *See* Iowa Code § 232.116(2) (stating the court's primary considerations are the child's safety, furthering the long-term nurturing and growth of the child, and the physical, mental, and emotional condition of the child).

termination have been met and termination is in the child's best interests. As a result, we affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**